**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| QUINCEY ROBINSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation, and AVANQUEST SOFTWARE S.A., a French company,<br><br>        Defendants. | Case No.  14-cv-8015 |

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. §§ 1332, 1441(A) - (C), 1446, 1453(B) [DIVERSITY AND CAFA JURISDICTION];**

**DEMAND FOR JURY TRIAL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38**

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL HEREIN:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441(a) – (c), 1446, and 1453(b), defendant Avanquest North America Inc. ("Avanquest") hereby removes to this Court the state court civil action filed in the Circuit Court of Cook County, Illinois, Chancery Division. As described below, there is complete diversity in this matter and Plaintiff has alleged damages in its complaint which exceeds the jurisdictional minimum amount for diversity jurisdiction in this Court:

    1.    On September 15, 2014, plaintiff, Quincey Robinson ("Robinson"), individually and on behalf of all others similarly situated, filed a Class Action Complaint and Demand for

Jury Trial ("Complaint") in the Circuit Court of Cook County, Illinois, Chancery Division, against Avanquest and Avanquest Software S.A. ("Avanquest S. A.") (collectively, "Defendants"), entitled *Robinson v. Avanquest North America Inc. and Avanquest Software S.A.*, Case No. 2014-CH-14861 ("State Court Action"). A true and correct copy of the Complaint and Summons are among the pleadings and other papers attached hereto as *Exhibit A* and *Exhibit B*.

2. Avanquest first received a copy of the Summons and Complaint in the State Court Action on September 16, 2014, when it was served with those documents.

3. This Notice of Removal is timely because it is being filed within thirty (30) days from the date Avanquest first received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1453(b); 1446(b).

## GROUNDS FOR REMOVAL

4. The Complaint alleges that Defendants develop and market software, specifically Fix-It Utilities Professional Version 14 ("Fix-It"), that does not perform the functions advertised. The Complaint alleges four (4) causes of action against Defendants: (1) breach of the Illinois Consumer Fraud and Deceptive Business Practice Act (815 ILCS 505/1, *et seq.*); (2) fraudulent inducement; (3) breach of contract; and (4) unjust enrichment.

5. This District Court has original jurisdiction over Robinson's putative class action under 28 U.S.C. § 1332 because all parties are diverse and the amount in controversy, exclusive of interests and costs, is in excess of $75,000, which is the minimum amount in controversy necessary to establish diversity jurisdiction.

6. This removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), because all the parties are citizens of different states or a foreign state (28 U.S.C. § 1332(c)(1)), with Robinson a citizen of Illinois (Complaint, ¶ 5), Avanquest a citizen of California because it

is incorporated in California and its principal place of business is in California (*Id.* at ¶ 6), and Avanquest S. A. is a citizen of France because it is a French company with its principal place of business in France. (*Id.* at ¶ 7.) Thus, it is clear from the allegations contained in the Complaint that complete diversity of citizenship exists.

7. Although the Complaint does not specifically state the amount in controversy, Avanquest has a good faith belief based upon review of the Complaint that the amount in controversy exceeds $75,000, exclusive of interests and costs. This belief is based on the fact that Robinson alleges that his and the putative class' damages are "the price paid for the Fix-It Utilities software—typically $39.95" (Complaint, ¶ 52) and that "Avanquest [Avanquest. and Avanquest S. A. .] has sold its software to *thousands* of class members throughout the State of Illinois." (Complaint, ¶ 40 (emphasis added).) At $39.95 per unit, it would take the sale of only 1,878 units of Fix-It (the sale of 1,878 units yields $75,026.10) to exceed the $75,000 jurisdictional minimum for diversity jurisdiction. Robinson has alleged that "*thousands*" of units of Fix-It are at issue, meaning that at *least* two thousand units of Fix-It (totaling $79,900 in alleged damages) are at issue. (Complaint, ¶¶ 4, 40) Thus, removal is appropriate based on 28 U.S.C. § 1332.

8. The State Court Action may also be removed to this Court by Avanquest pursuant to 28 U.S.C. § 1453(b) because Robinson's Complaint asserts class action claims.

9. As of the time of this filing, the only other defendant, Avanquest S.A., has not been served and thus cannot join or give consent to this notice of removal.

10. The documents set forth in Exhibits A and B constitute all the process, pleading, and supporting materials filed or received by Avanquest in the State Court Action. 28 U.S.C. § 1446(a). A true and correct copy of the Case Information Summary of the Circuit Court of Cook

County as of October 15, 2014, concerning the State Court Action is attached hereto as E*xhibit C*.

11.  Pursuant to 28 U.S.C. § 1446(d), on October 15, 2014, Robinson was served with a Notice to Adverse Party of Removal of Action to the United States District Court for the Northern District of Illinois ("Notice to Adverse Party") pertaining to Avanquest's Notice of Removal, which is also being filed with the Circuit Court of Cook County.

12.  This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, for the foregoing reasons, Avanquest removes this State Court Action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division and respectfully requests that the Court exercise jurisdiction over this action.

                Respectfully submitted,

                /s/ Natalie M. Limber_____
                One of the Attorneys for Avanquest North
                America Inc.

Natalie M. Limber
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 West Madison, Suite 1200
Chicago, IL 60606
(312) 332-3900
(312) 332-3908 - FAX
Firm No. 44920

## **DEMAND FOR JURY TRIAL**

Defendant Avanquest North America Inc. hereby demands a trial by jury as provided by Rule 38 of the Federal Rules of Civil Procedure.

                                  Respectfully submitted,

                                  /s/ Natalie M. Limber_____
                                  One of the Attorneys for Avanquest North America Inc.

Natalie M. Limber
TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP
303 West Madison, Suite 1200
Chicago, IL 60606
(312) 332-3900
(312) 332-3908 - FAX
Firm No. 44920

## **CERTIFICATE OF SERVICE**

I, Natalie Limber, an attorney, hereby certify that on October 15, 2014, I caused a copy of the foregoing Notice of Removal and Demand for Jury Trial to be served via United States Mail, first class postage prepaid, upon the following:

    Rafey S. Balabanian
    Benjamin H. Richman
    Courtney Booth
    EDELSON PC
    350 North LaSalle Street, Suite 1300
    Chicago, Illinois 60654

                                    /s/ Natalie M. Limber_____
                                    One of the Attorneys for Avanquest North America Inc.