IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| QUINCEY ROBINSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation, and AVANQUEST SOFTWARE S.A., a French company,<br><br>*Defendants*. | Case No. 14-cv-08015 |

**PLAINTIFF ROBINSON'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO REMAND**

Defendant Avanquest North America Inc. ("Avanquest") misunderstands the standard for removal of a class action to federal court, and thus, removal of this case from the Circuit Court of Cook County, Illinois was improper. Indeed, there can be no dispute that each class member's individual claims in this case are worth (putting aside the potential for punitive damages), at most, $39.95 (i.e., the cost of the allegedly deceptive software at issue). As such, in class actions such as this—where individual recoveries would be relatively small—the appropriate means of removal (if any) is the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA") (requiring, *inter alia*, that the amount in controversy, "exceeds the sum or value of $5,000,000, exclusive of interests and costs…."). But misunderstanding the removal statute (and/or recognizing that CAFA's $5,000,000 threshold simply can't be met here), Avanquest purports to have removed this case under Section 1332(a), arguing that, in the aggregate, the class's claims satisfies 1332(a)'s $75,000 amount-in-controversy requirement.

1

Notwithstanding Avanquest's arguments to the contrary, the Supreme Court has unequivocally held that individual class members' claims cannot be aggregated to meet Section 1332(a)'s $75,000 jurisdictional minimum. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 579 (2005). Instead, as the proponent of federal jurisdiction, Avanquest must show by a preponderance of the evidence that at least *one* class member's *individual* claims exceed the sum or value of $75,000. Because Avanquest doesn't even attempt to do that here and offers no other basis for federal jurisdiction, remand to state court pursuant to 28 U.S.C. § 1447(c) must be granted.

Additionally, Plaintiff Quincey Robinson ("Robinson" or "Plaintiff") should be awarded the attorneys' fees and costs incurred in bringing the instant motion. Despite Plaintiff's counsel reaching out to its attorneys before filing the instant motion, explaining the obvious deficiencies in its removal papers (including providing them with the relevant case law) and requesting that it stipulate to remand, Avanquest refused to do so. Instead, it improperly "multiplied the proceedings" by filing three separate motions on the pleadings—to dismiss, to transfer and to compel arbitration—and refused to engage in a substantive discussion about the bases for federal subject matter jurisdiction (or lack thereof). Courts throughout the country have consistently held that that sort of conduct is directly contrary to the primary purpose of the removal statute (i.e., promoting efficiency in litigation) and, without more, justifies an award of fees and costs to a party seeking remand. Those awards are especially appropriate in cases such as this where it's clear that there was never a legitimate legal or factual basis for removal in the first instance.

Accordingly and as explained more fully below, Plaintiff Robinson respectfully requests that the Court enter an Order remanding the action to the Circuit Court of Cook County and awarding the fees and costs he incurred in seeking such relief.

**FACTUAL BACKGROUND**

On September 15, 2014, Plaintiff filed the instant action against Defendants in the Circuit Court of Cook County, Illinois, alleging claims on behalf of a putative class of Illinois residents related to Defendants' deceptive design and marketing of one version of their so-called utility software, Fix-It Utilities Pro (the "Software"). (*See generally* Dkt. 1-1 ("Compl.").) In particular, Plaintiff alleges that Defendants claim the Software is capable of, *inter alia*, "runn[ing] diagnostic tests, fix[ing] PC problems in a flash and leav[ing] your computer running like new," "[s]top[ping] PC [c]rashes & [f]reezes," and "[r]epair[ing] [system] & [h]ard [d]rive [e]rrors," (*see id.* ¶ 13), but that "irrespective of its 'anti-virus feature, Fix-It Utilities primarily performs only two main functions: it is a registry cleaner and it removes superfluous 'temporary' files from a hard drive." (*Id.* ¶ 15.) As a result, Plaintiff asserts four causes of action against Defendants on behalf of himself and a class of similarly situated individuals: (i) violations of the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1, *et seq.*, (ii) fraudulent inducement, (iii) breach of contract, and (iv) unjust enrichment. (*See id.* ¶¶ 44-78.)

On October 15, 2014, Defendant Avanquest removed the case from the Circuit Court of Cook County. (Dkt. 1.) In its notice of removal, Avanquest offers one basis for the Court's jurisdiction: "diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)…." (*Id.* ¶ 6.) In particular, Avanquest contends that "the amount in controversy [in this case] exceeds $75,000, exclusive of interest and costs"—the jurisdictional threshold under Section 1332(a). (*Id.* ¶ 7.) In so doing, it begins by recognizing that the purchase price of the Software is just $39.95 per unit, and then calculates that at that price, "it would take the sale of only 1,878 units…to exceed the $75,000

3

jurisdictional minimum…." (*Id.*) Avanquest offers no other basis for federal jurisdiction, nor any other evidence regarding the amount in controversy. (*See generally, id.*)[1]

Upon receiving Avanquest's notice of removal, Plaintiff's counsel sent a letter to Avanquest's attorneys pointing out the defects in Avanquest's removal analysis and providing Supreme Court and Seventh Circuit precedent that clearly establish that class member claims cannot be aggregated to meet Section 1332(a)'s $75,000 jurisdictional threshold. (*See* Declaration of Benjamin H. Richman ¶ 3, attached as Exhibit 1.) Plaintiff additionally requested that in light of the relevant case law, Avanquest stipulate to remand the action immediately. (*Id.*) Avanquest declined and instead, filed three separate motions: a motion to dismiss, a motion to transfer the case to the Central District of California, and a motion to compel arbitration. (*See* Dkts. 12-14.)

Similarly, on October 23, 2014, counsel for the Parties spoke by telephone regarding Avanquest's request to stipulate to a briefing schedule on its three pending motions. (Richman Decl. ¶ 5.) When Plaintiff's counsel declined that request and asked whether Avanquest would be willing, instead, to have a substantive discussion regarding removal of the case and Plaintiff's anticipated motion to remand, counsel refused to do so and would not provide a time when they would be willing to do so. (*Id.*)

On October 31, 2014, the Court entered and continued each of Avanquest's pending motions and ordered that briefing on the instant motion to remand proceed first. (Dkt. 20.)

---

[1] To be clear, Avanquest purports to base removal on 28 U.S.C. § 1453(b), (*see* Dkt. 1 ¶ 8), but that section simply states that "[a] class action may be removed to a district court." It does not set the requirements for doing so, which, as discussed further below, are outlined in 28 U.S.C. § 1332(d) and have not been met here.

4

**ARGUMENT**

I.  **Legal Standard.**

It is well settled that the proponent of removal bears the burden of establishing by a preponderance of the evidence that the requisites to federal jurisdiction have been satisfied. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005); *see also Blomberg v. Serv. Corp. Intern.*, 639 F.3d 761, 763 (7th Cir. 2011). It is not enough to simply "file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill*, 427 F.3d at 447.

If, as in this case, the proponent of removal fails to establish that the requisites to removal have been satisfied, the case must be remanded to state court. *See Williams v. Versto, Inc.*, No. 96-cv-6427-CPK, 1996 WL 745338, at *1 (N.D. Ill. Dec. 27, 1996). Indeed, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Id.* (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). And, if the court has any doubts that subject matter jurisdiction exists, those doubts "should be resolved in favor of remanding the action to state court." *Id.* (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)); *see also Schur v. L.A. Weight Loss Cntrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted).

II. **Avanquest Improperly Attempts to Aggregate Class Members' Damages and Fails to Establish that Plaintiff's Claims Alone Satisfy Section 1332(a)'s $75,000 Amount-in-Controversy Requirement.**

Under 28 U.S.C. § 1332(a)— Avanquest's basis for removal here—federal courts "have original jurisdiction of civil actions between citizens of different states 'where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.'" *See Shaver ex rel. Ford v. Odell*, No. 11-cv-418, 2012 WL 1077414, at *2 (S.D. Ill. Mar. 30, 2012) (quoting 28 U.S.C. § 1332(a)). However, in putative class actions such as this, class members' individual

5

claims "cannot be aggregated to reach the [$75,000] jurisdictional amount in controversy." *Travelers Prop. Cas. v. Good*, 689 F.3d 715, 717 (7th Cir. 2012). Instead, Section 1332(a) requires that the amount in controversy with respect to a single named-plaintiff (or individual class member) exceed the $75,000 minimum.[2] *See Exxon Mobil Corp.,* 545 U.S. at 579, 585-86 (2005) (recognizing that federal courts only have jurisdiction over diversity claims "so long as at least one coplaintiff, or the named class representative, has a jurisdictionally sufficient claim."); *Shaver*, 2012 WL 1077414, at *2 ("separate claims of multiple plaintiffs against a single defendant cannot be aggregated."); *Cicero-Berwyn Elks Lodge No. 1510 v. Philadelphia Ins. Co*, No. 12-cv-10257, 2013 WL 1385675, at *1 ("By contrast to CAFA, § 1332(a)'s amount-in-controversy requirement cannot be met by aggregating the claims of multiple plaintiffs; there must be at least one individual plaintiff whose claims surpass the $75,000 threshold…."). If no individual plaintiff can satisfy the amount-in-controversy requirement, then federal jurisdiction does not exist.

Whether Avanquest has met its burden on removal is not a close call. Avanquest removed the case pursuant to 28 U.S.C. § 1332(a), but does not even attempt to show that, "any *individual* named plaintiff's claim meets the $75,000 threshold." *See Cicero-Berwyn Elks Lodge No. 1510*, 2013 WL 1385675, at *2 (emphasis added). Instead, it (improperly) contends only that it "has a good faith belief…that the amount in controversy exceeds $75,000, exclusive of interests and costs" because aggregating at least 1,878 purchases of the Software at $39.95 apiece would exceed $75,000. (Dkt. 1 ¶ 7.) But because it cannot properly aggregate the claims of individual

---

[2] Alternatively, the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) grants district courts "original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which (A) any member of the class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." Avanquest does not, however, contend that CAFA jurisdiction exists here.

class members under Section 1332(a) and has provided no other basis for federal subject matter jurisdiction in this case, Avanquest has clearly failed to meet it burden to show that removal was proper. *See, e.g., Travelers Prop. Cas.*, 689 F.3d at 717-18; *Shaver*, 2012 WL 1077414, at *2; *Cicero-Berwyn Elks Lodge No. 1510*, 2013 WL 1385675, at *1.

Of course, by arguing that *at least* 1,878 units of the Software must have been purchased to reach the jurisdictional minimum, Avanquest also clearly establishes that neither Robinson's nor any other class member's *individual* claims would satisfy the jurisdictional threshold. Indeed, there isn't some individual consumer out there like Robinson who purchased more than 1,800 copies of the Software (as that would defy logic), nor does Avanquest argue that's the case. *See Brill*, 427 F.3d at 447 (recognizing that "the proponent of federal jurisdiction" bears the burden of establishing the jurisdictional threshold is met).

Accordingly, because Avanquest offers only the improper aggregation of class member damages to meet Section 1332(a)'s $75,000 amount-in-controversy, it has failed to meet its burden on removal and this case must be remanded to the Circuit Court of Cook County.

**III.     Plaintiff is Entitled to His Attorneys' Fees and Costs in Moving to Remand.**

Finally, because it is clear that Avanquest had no legal or factual basis on which to remove this case, Robinson is also entitled to recover the attorneys' fees and costs incurred in obtaining remand to his chosen forum. The Seventh Circuit has held that "as a general rule, if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees." *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009) (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007)); *see also* 28 U.S.C. § 1447(c) ("An order remanding the case may require

7

payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal.")[3] That is exactly what happened here.

As discussed above, the law is clear that putative class members' claims cannot be aggregated to meet Section 1332(a)'s threshold amount-in-controversy. Moreover, despite Plaintiff's explanation of the obvious defects in Avanquest's removal papers and his request that the Parties stipulate to remand, Avanquest insisted on pushing forward and multiplied the proceedings by filing three separate motions—to dismiss, to transfer, and to compel arbitration—and refused to engage in any substantive discussion regarding federal subject matter jurisdiction (or the lack thereof) in this case. (*See* Dkts. 12-14.) On this record, there should be no question that Avanquest's removal was improper and Robinson is entitled to recover the fees and costs incurred as a result. *See Mendez*, 1992 WL 80969, at *3-5 (granting motion for remand, awarding costs and expenses pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1927, and awarding sanctions pursuant to Rule 11); *see also Garbie v. Chrysler Corp.*, 8 F. Supp. 2d 814, 821 (N.D. Ill. 1998) (awarding attorneys' fees when the law was clear that defendant could not aggregate individuals' damages); *MB Financial, N.A. v. Stevens*, No. 11-cv-798, 2011 WL 5514059, at *2, 3 (N.D. Ill. July 5, 2011) (finding individual attorney personally liable for § 1927 sanctions when he was "the motivating force behind th[e] litigation" and "a plain reading of [the] rule show[ed] that [attorney's] removal was meritless.").

## **CONCLUSION**

For the foregoing reasons, Plaintiff Quincey Robinson, respectfully requests that the Court enter an Order (i) remanding this action to the Circuit Court of Cook County, Illinois, (ii)

---

[3] Courts may also award fees and costs pursuant to 28 U.S.C. § 1927 if the defendant's actions multiplied the proceedings, as well as sanctions pursuant to Rule 11 if "a reasonable investigation in the law would have revealed that removal was improper." *See Mendez v. Plastofilm Industries, Inc.*, No. 91-cv-08172-CPK, 1992 WL 80969, at *3-5 (N.D. Ill. Apr. 15, 1992).

awarding Plaintiff the attorneys' fees and costs incurred as a result of Avanquest's improper removal of the case, and (iii) providing such other and further relief as this Court deems reasonable and just.

                                                Respectfully submitted,

                                                **QUINCEY ROBINSON**, individually and on behalf of all others similarly situated,

Dated: November 3, 2014                    By: /s/ Courtney C. Booth
                                                         One of Plaintiff's Attorneys

                                                Rafey S. Balabanian
                                                rbalabanian@edelson.com
                                                Benjamin H. Richman
                                                brichman@edelson.com
                                                Courtney E. Booth
                                                cbooth@edelson.com
                                                EDELSON PC
                                                350 North LaSalle Street, Suite 1300
                                                Chicago, Illinois 60654
                                                Tel: 312.589.6370
                                                Fax: 312.589.6378
                                                Firm ID: 44146

**CERTIFICATE OF SERVICE**

   I, Courtney C. Booth, an attorney, hereby certify that on November 3, 2014, I caused to be served the above and foregoing ***Plaintiff Robinson's Memorandum of Law in Support of Motion to Remand*** by causing a true and accurate copy of such paper to be filed and served on all counsel of record via the court's CM/ECF electronic filing system, on this the 3rd day of November 2014.

              /s/ Courtney C. Booth
              Courtney C. Booth