# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| QUINCEY ROBINSON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation, and AVANQUEST SOFTWARE S.A., a French company,<br><br>*Defendants*. | Case No. 14-cv-08015 |

**DECLARATION OF BENJAMIN H. RICHMAN
IN SUPPORT OF MOTION TO REMAND**

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1. I am an attorney admitted to practice in the United States District Court for the Northern District of Illinois. I am submitting this declaration in support of Plaintiff Robinson's Motion to Remand. This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2. I am a partner in the law firm of Edelson PC, which has been retained to represent the named Plaintiff in this matter, Quincey Robinson.

3. After receiving and reviewing Avanquest's notice of removal, on October 21, 2014, I sent a letter to Avanquest's attorneys regarding the deficiencies in Avanquest's removal analysis and providing Supreme Court and Seventh Circuit precedent that clearly establish that class member claims cannot be aggregated to meet 28 U.S.C. § 1332(a)'s $75,000 requisite amount-in-controversy, as Avanquest attempted in its notice of removal. In that same letter, I

requested that in light of the relevant case law and the fact that there was no basis for federal subject matter jurisdiction in this case Avanquest stipulate to remand the action immediately.

4. By letter dated October 22, 2014, Avanquest declined to stipulate to a remand of this action. Instead, Avanquest filed three separate motions on the pleadings: a motion to dismiss, a motion to transfer the case to the Central District of California, and a motion to compel arbitration. (*See* Dkts. 12-14.)

5. On October 23, 2014, my colleague, Courtney C. Booth of Edelson PC, and I spoke by telephone with counsel for Avanquest, Natalie Limber of Traub Lieberman Straus & Shrewsberry LLP. Ms. Limber initially requested that the parties agree to a briefing schedule on Avanquest's three pending motions. I declined that request and suggested that if briefing were to proceed on any motion, it should be Plaintiff's anticipated motion to remand the case to the Circuit Court of Cook County, Illinois. I also indicated that we remained open to discussing the removal issues with Ms. Limber or her co-counsel. Ms. Limber was unwilling to engage in a substantive discussion of the issues at that time and would not provide a time when she or her co-counsel would be available to do so.

6. Prior to the October 30th presentment on Avanquest's three pending motions, my office did not hear from Avanquest's attorneys regarding the jurisdictional or other issues in this case.

*     *     *

I declare under penalty of perjury that the foregoing is true and correct. Executed this the 3rd day of November 2014 at Chicago, Illinois.

/s/ Benjamin H. Richman
Benjamin H. Richman