IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| QUINCEY ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANQUEST NORTH AMERICA INC., a California corporation, and AVANQUEST SOFTWARE S.A., a French company,<br><br>Defendants. | Case No. 14-cv-08015 |

### AFFIDAVIT OF N. KATHLEEN STRICKLAND TO OPPOSITION TO QUINCEY ROBINSON'S MOTION TO REMAND

I, N. Kathleen Strickland, do hereby solemnly affirm and declare as follows:

1.  I am an attorney admitted to practice in all District Courts in the State of California and admitted *pro hac vice* to practice in this Court on this matter. My *pro hac vice* application was accepted by this court on October 24, 2014. (Dkt. No. 19.) This declaration is based upon my personal knowledge, except where expressly noted otherwise. If called upon to testify to the matters stated herein, I could and would competently do so.

2.  I am a partner in the law firm of Ropers, Majeski, Kohn & Bentley, which has been retained to represent the defendant Avanquest North America Inc. ("Avanquest") in this matter, along with local counsel Natalie M. Limber, a partner in the firm of Traub Lieberman Straus & Schrewsberry, LLP.

3. To date based on information and belief, co-defendant, Avanquest Software S.A. has not yet been served with summons and process. In addition, discovery has not yet begun and the initial case management conference has not occurred.

4. Avanquest is a California corporation with its principal place of business and headquarters in Calabasas, California as evidenced by the California Secretary of State. A true and correct copy of the Business Entity Detail for Avanquest is attached hereto as "Exhibit 1."

5. Avanquest filed a notice of removal of this lawsuit to this court on October 15, 2014. (Dkt. No. 1.)

6. The notice of removal clearly states all grounds upon which the removal was based, including pursuant to 28 U.S.C. §§ 1332, 1441(a) – (c), 1446, and 1453(b).

7. Avanquest filed appropriate motions to transfer venue, to compel arbitration, and to dismiss certain causes of action of the complaint. Those three motions were filed on October 22, 2014, the date upon which a response to plaintiff, Quincey Robinson's ("Robinson") complaint was due, with a presentment hearing set for October 30, 2014. (Dkt Nos.12-14.)

8. Subsequent to the filings above, Avanquest's counsel also on October 22, 2014, responded in written correspondence sent by email to Robinson's counsel with case authority, including the 7th Circuit, supporting the fact that removal to this court was proper. The date of October 22, 2014 was the date upon which Plaintiff's counsel requested a response to the correspondence sent on October 21, 2014. Said correspondence, sent the evening before Avanquest's responsive pleadings were due in federal court, did not alter nor serve to alter the filing deadline of October 22, 2014 to respond to the pending complaint. Immediately after said court deadlines were met, Avanquest's counsel responded to Plaintiff's counsel's letter within a reasonable time and on October 22, 2014, the date requested for said response. A true and

correct copy of Robinson's October 21, 2014, letter and Avanquest's October 22, 2014, response letter to Plaintiff's counsel is attached hereto as "Exhibit 2."

9. Based on the authorities presented in the attached Opposition Brief, it is Avanquest's belief that removal to this court is proper and this motion to remand as well as the request for attorneys' fees should be denied.

FURTHER AFFIANT SAYETH NAUGHT

Dated: November 24, 2014

_____
N. Kathleen Strickland

STATE OF CALIFORNIA  )
COUNTY OF SAN FRANCISCO  )

On November 24, 2014 before me, Amy Jean Van Nest, Notary Public, personally appeared N. Kathleen Strickland, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____ (seal)
Amy Jean Van Nest-Notary Public

AMY JEAN VAN NEST
Commission No. 2049767
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires DECEMBER 20, 2017

RC1/7688019.2/KNS

## CERTIFICATE OF SERVICE

I, Natalie M. Limber, an attorney, hereby certify that on November 24, 2014, I caused a true and correct copy of this Affidavit of N. Kathleen Strickland to Opposition to Quincey Robinson's Motion to Remand to be electronically filed with the Court using the CM/ECF system, and the following counsel of records were served:

Jay Edelson
Rafey S. Balabanian
Benjamin H. Richman
Courtney Booth
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
jedelson@kamberedelson.com
rbalabanian@edelson.com
brichman@edelson.com
cbooth@edelson.com

/s/ Natalie M. Limber
One of the Attorneys for Avanquest
North America Inc.

RC1/7688019.2/KNS