EXHIBIT 2

EXHIBIT 2A

**Edelson PC**

350 North LaSalle Street, Suite 1300, Chicago, Illinois 60654
t 312.589.6370 f 312.589.6378

www.edelson.com

October 21, 2014

**VIA ELECTRONIC MAIL**

N. Kathleen Strickland
kstrickland@rmkb.com
Devin Courteau
dcourteau@rmkb.com
Ropers, Majeski, Kohn & Bentley PC
150 Spear Street
San Francisco, California 94105

Natalie M. Limber
nlimber@traublieberman.com
Traube Lieberman Straus & Shrewsberry, LLP
303 West Madison Street, Suite 1200
Chicago, Illinois 60606

        Re:    *Robinson v. Avanquest N. Am., Inc., et al.*, No. 14-cv-08015

Kathy:

        We've received Avanquest's notice purporting to remove the above-referenced matter to the Northern District of Illinois pursuant to 28 U.S.C § 1332(a). (Dkt. 1.) We demand that Avanquest stipulate to remand this action to the Circuit Court of Cook County, Illinois immediately. Section 1332(a) is not a proper basis for federal jurisdiction over class actions such as this where (as your notice makes clear) no *individual* class member's damages meet the $75,000 jurisdictional threshold. *See Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 579 (recognizing that federal courts only have jurisdiction over diversity claims "so long as at least one coplaintiff, or the named class representative, has a jurisdictionally sufficient claim."). Indeed, it is well-settled that class members' claims cannot (as Avanquest does in its removal papers) "be aggregated to reach the [$75,000] jurisdictional amount in controversy [under Section 1332(a)]." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717-18 (7th Cir. 2012); *see also Cicero-Berwyn Elks Lodge No. 1510 v. Philadelphia Ins. Co.*, No. 12-cv-10257, 2013 WL 1385675, at *1 ("By contrast to CAFA, § 1332(a)'s amount-in-controversy requirement cannot be met by aggregating the claims of multiple plaintiffs; there must be at least one individual plaintiff whose claims surpass the $75,000 threshold."). These are not unsettled issues open to interpretation. Thus, it's clear that you had no good-faith basis upon which to remove this action.[1]

---

[1]     It's also clear that your notice of removal can only be interpreted as frivolous given that you couldn't meet CAFA's jurisdictional threshold, which is why (we suspect) you didn't attempt to remove under CAFA.

Illinois / Colorado / California

  Accordingly, if Avanquest does not agree to remand the action to the Circuit Court of Cook County by the close of business (Central Time) on Wednesday, October 22nd, we will file a motion to remand and seek all available relief, including the attorneys' fees and costs associated with doing so. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."); *see also State of Wis. v. Missionaries to the Preborn*, 796 F. Supp. 389, 392 (E.D. Wisc. 1992) (imposing Rule 11 sanctions when "[t]he removal petition, a Rule 11 'paper,' was 'baseless' and constituted an 'abuse of process'…").

  We look forward to hearing from you.

              Regards,

              EDELSON PC

              Benjamin H. Richman

CC VIA ELECTRONIC MAIL:  Jay Edelson (jedelson@edelson.com)
                Rafey S. Balabanian (rbalabanian@edelson.com)
                Courtney C. Booth (cbooth@edelson.com)

# EXHIBIT 2B

Case: 1:14-cv-08015 Document #: 26-2 Filed: 11/24/14 Page 6 of 7 PageID #:370

| | | |
|---|---|---|
| SAN FRANCISCO | 150 Spear Street | |
| Los Angeles | Suite 850 | |
| New York | San Francisco, CA 94105 |  |
| Redwood City | Telephone (415) 543-4800 | |
| San Jose | Facsimile (415) 972-6301 | |
| Boston | www.rmkb.com | |

N. Kathleen Strickland
(415) 972-6328

kathleen.strickland@rmkb.com

October 22, 2014

**Via U. S. Mail & E-Mail:**
**brichman@edelson.com**

Benjamin H. Richman
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654

    Re: **Robinson v. Avanquest North America Inc., *et al.***
          United States District Court, Northern District of Illinois
          Case No.: 14-CV-08015

Dear Mr. Richman:

    We are in receipt of your letter, dated October 21, 2014, demanding Avanquest North America Inc. ("Avanquest") stipulate to remand to the State court of *Robinson v. Avanquest North America Inc., et al.*, U.S.D.C. for the Northern District of Illinois Case No.: 14-CV-08015 (the "Robinson Action"), and threatening sanctions if Avanquest refuses to so stipulate. Avanquest will not agree to remand of the Robinson Action. Avanquest's Notice of Removal of Action to the United States District Court for the Northern District of Illinois Pursuant to 28 U.S.C. §§ 1332, 1441(a) - (c), 1446, 1453(b) [Diversity and CAFA Jurisdiction] ("Notice of Removal") specifically cites two grounds for removal: (1) diversity under 28 U.S.C. § 1332(a); and (2) the Class Action Fairness Action ("CAFA"), and specifically 28 U.S.C. § 1453(b).

    Removal is proper under 28 U.S.C. § 1332(a) for two reasons because of diversity of citizenship and the amount in controversy exceeds $75,000. Removal is proper because the nature and amount of the relief sought in the complaint exceeds $75,000. The Complaint alleges an entitlement to attorneys' fees as part of the First Cause of Action plus actual and compensable damages which the Prayer terms, in paragraph F, litigation expenses.

    Robinson also demands, pursuant to 815 ILCS 505/10a, payment of his attorney's fees incurred in prosecuting this action. Based on the amount of attorney's fees incurred in the *Worley/Boyd* matter in California, it is clear that the attorney's fees Robinson can reasonably expect to incur in this action will far exceed the jurisdictional minimum of $75,000. Such fees are properly included within the "amount in controversy" calculation for purposes of 28 U.S.C. § 1332(a). *See, Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (agreeing with the many courts that "have held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy"); *Feller v. Hartford Life &*



Benjamin H. Richman
*Robinson v. Avanquest North America Inc., et al.*
October 22, 2014
Page 2

---

*Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) ("this Court finds that it is rational to include the future legal expenses in calculating the amount in controversy"); *W.C. Motor Co. v. Talley*, 2014 WL 3882489 (N.D. Ill. Aug. 7, 2014) ("Punitive damages count towards the amount in controversy. . . . So do attorney fees where, as here, they are 'sought as part of an underlying claim, rather than pursuant to a separate post judgment right to 'costs' or 'fees' incurred in the litigation'"); *see also, Miera v. Dairyland Ins. Co.*, 143 F. 3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications,* Inc., 58 F. Supp. 2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.*, 804 F. Supp. 111, 116-17 (D.Colo.1992).

Removal is also proper under 28 U.S.C. § 1332(a) because Robinson seeks injunctive relief on behalf of the class. The reasonably anticipated cost to Avanquest of complying with the injunctive relief demanded by Robinson would easily exceed $75,000. *See, In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F. 3d 952, 958 (9th Cir. 2001) ("where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes"); *see also, In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F. 3d 599 (7th Cir. 1997) (holding that "the 'amount in controversy' is the cost to . . . defendant of an injunction running in favor of one plaintiff").

Based on the above, Avanquest properly removed the Robinson Action. Accordingly, Avanquest will not agree to remand of the Robinson Action.

Sincerely,

*/s/ Kathleen Strickland*
Kathleen Strickland

---

IRS CIRCULAR 230 NOTICE: To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (or in any attachment) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed in this communication (or in any attachment).