UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QUINCEY ROBINSON, individually and )
on behalf of all others similarly situated, )
                                          )
                    Plaintiff,            )
                                          )
              v.                          )          14 C 8015
                                          )
AVANQUEST NORTH AMERICA INC.,             )
a California corporation, and AVANQUEST   )
SOFTWARE S.A., a French company,          )
                                          )
                    Defendants.           )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge**:**

This matter comes before the Court on the motion of Plaintiff Quincey Robinson ("Robinson"), individually, and on behalf of all others similarly situated, to remand the case. For the reasons set forth below, Robinson's motion to remand is denied.

## BACKGROUND

On September 15, 2014, Robinson, an Illinois resident, originally filed this action, individually and on behalf of a putative class of similarly situated plaintiffs, in the Circuit Court of Cook County, Illinois, against Defendants Avanquest North

America Inc. ("Avanquest"), a California corporation, and Avanquest Software S.A. ("Avanquest Software")[1], a French company, collectively ("Defendants").

Robinson alleges that Defendants develop software that they claim will increase the speed, performance, and stability of a personal computer ("PC"), protect against privacy risks, remove harmful errors, and improve Internet speeds. However, Robinson contends that Defendants deceptively market their Fix-It Utilities professional software (the "Software") and fail to deliver the level of utility advertised. Specifically, Robinson alleges that Defendants claim the Software is capable of, *inter alia*, "run[ning] diagnostic tests, fix[ing] PC problems in a flash and leav[ing] your computer running like new," "[s]top[ping] PC [crashes & [f]reezes," and "[r]epair[ing] [system] & [h]ard [d]rive [e]rrors," but that "irrespective of its 'anti-virus feature, Fix-It Utilities primarily performs only two main functions: it is a registry cleaner and it removes superfluous 'temporary' files from a hard drive." Robinson alleges in his four-count complaint on behalf of himself and the putative class that Defendants: (i) violated the Illinois Consumer Fraud and Deceptive Business Act ("ICFA"), 815 ILCS 505/1, *et seq.* (Count I); (ii) fraudulently induced him to purchase the Software (Count II); (iii) breached their contract (Count III); and (iv) in the alternative to the breach of contract claim, became unjustly enriched as a result of the wrongful conduct (Count IV).

---

[1] Avanquest Software has yet to be served with summons and process. Avanquest removed the case to this Court.

Robinson seeks a declaratory judgment declaring that Defendants' actions constitute a violation of the ICFA, fraudulent inducement, breach of contract and unjust enrichment (in the alternative of the breach of contract claim). Robinson also requests injunctive and other equitable relief as is necessary to protect the interests of himself and the class, including an order: (i) prohibiting Defendants from engaging in the wrongful and unlawful acts alleged; (ii) requiring Defendants to disclose and admit the wrongful and unlawful acts alleged; and (iii) requiring Defendants to fully disclose the true nature of their software products in the future. Finally, Robinson requests compensatory damages, restitution and disgorgement of all amounts by which Defendants have been unjustly enriched, attorneys' fees and costs, pre-judgment and post-judgment interest, and entering other injunctive and/or declaratory relief as is necessary to protect his interests and the interests of the class.

On October 15, 2014, Avanquest removed this action pursuant to 28 U.S.C. §§ 332, 1441(a)-(c), 1446 and 1453(b) to this Court, premising federal jurisdiction on diversity and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Robinson now seeks remand, arguing that: (i) none of the individual class members can satisfy the requisite $75,000 jurisdictional amount; and/or (ii) CAFA has not been satisfied. On November 3, 2014, Robinson filed a motion to remand. On November 24, 2014, Avanquest filed its opposition to the motion to remand. On December 5, 2014, Robinson filed his reply.

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United State have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is to be interpreted narrowly, and any doubt regarding jurisdiction should be resolved in favor of the states. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The removing party bears the burden of describing how the controversy exceeds the minimum amount required. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "[T]he removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands… [t]he demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Brill*, 427 F.3d at 449 (emphasis in original). "Once the proponent has plausibly suggested that the relief exceeds [the requisite amount], then the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much." *Horning v. Lab. Corp. of Am.*, No. 09 C 3421, 2009 WL 2905553, at *1 (N.D. Ill. Sept. 3, 2009) (citing *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

**DISCUSSION**

In its opposition to the motion to remand, Avanquest provides two reasons for why federal jurisdiction is proper. First, Avanquest basis its removal on diversity jurisdiction, 28 U.S.C. § 1332(a)(1). Second, Avanquest relies on CAFA, 28 U.S.C. § 1332(d)(2) for removal. The Court only needs to address Avanquest's reliance on CAFA.

## I. Federal Jurisdiction

### A. The Notice of Removal

The Court must first discuss if Avanquest properly removed this case under CAFA in its notice of removal (the "Notice of Removal"). Avanquest cites to 28 U.S.C. §§ 1332, 1441(a)-(c), 1446 and 1453(b) in the Notice of Removal, but not specifically to subsection 28 U.S.C. § 1332(d)(2), which outlines the CAFA requirements. Avanquest does identify subsection 28 U.S.C. § 1332(a) when arguing for removal based on diversity jurisdiction. In the Notice of Removal, there is one paragraph that alludes to CAFA besides its reference in the heading: "[t]he State Court Action may also be removed to this Court by Avanquest pursuant to 28 U.S.C. § 1453(b) because Robinson's Complaint asserts class action claims." 28 U.S.C. § 1453(b) provides, in pertinent part, that "[a] class action may be removed to a district court of the United States in accordance with [28 U.S.C. §] 1446 . . . by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). However,

nowhere in the Notice of Removal is there an explicit reference to 28 U.S.C. § 1332(d)(2).

Robinson insists that Avanquest does not allege that it bases removal on CAFA jurisdiction in its Notice of Removal. In fact, Robinson briefly addresses the CAFA issue in footnotes, stating that Avanquest cannot raise an entirely new basis for jurisdiction for the first time in its opposition papers, and cites *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 838 (S.D. Ill. 2006) as support. The court in *Alsup* found that a notice of removal may be amended more than thirty days after the time to remove has expired "only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice . . . [c]ompletely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however." *Alsup*, 435 F. Supp at 844 (citing 14C Wright, Miller, Cooper & Steinman, *Federal Practice & Procedure* § 3733 (3d ed. 1998 & Supp. 2005)) (collecting cases).

When determining if Avanquest alleges completely new grounds for removal or furnishes missing allegations after filing its Notice of Removal, the Court can consider the exhibits Avanquest attaches to its opposition to the motion to remand. *See Ruppel v. CBS Corp.*, 701 F.3d 1176, 1185 n. 1 (7th Cir. 2012) (". . . [Avanquest] could also have amended its notice of removal and added supporting exhibits under 28 U.S.C. § 1653 (permitting parties to amend '[d]efective allegations of jurisdiction . . . in the trial or appellate courts.'"); *see also Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969) (citing 28 U.S.C. § 1653) (noting the material on which it based its

removal finding "should have appeared in the petition for removal," but "for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"). The Court examines the Affidavit of Kathleen Strickland ("Strickland"), one of the attorneys representing Avanquest. Strickland asserts that the Notice of Removal "clearly states all grounds upon which the removal was based, including pursuant to 28 U.S.C. §§ 332, 1441(a)-(c), 1446 and 1453(b)."

After review, the Court finds that 28 U.S.C § 1332 and § 1453(b) are under the "Grounds for Removal" section, and the statutes and "[Diversity and CAFA Jurisdiction]" are also in the heading of the Notice of Removal. Strickland also provides correspondence between the parties before the instant motion was filed, where she provides two grounds for removal: (i) "diversity under 28 U.S.C. § 332(a)"; and (ii) "the Class Action Fairness Act ("CAFA"), and specifically 28 U.S.C. § 453(b)." Although the Notice of Removal is not perfect and lacks an explicit reference to 28 U.S.C. § 1332(d)(2), it is not fatal to this case's federal jurisdiction. The Court has the option of treating the Notice of Removal as if it had been amended to include the relevant information contained in the later-filed affidavits, and we choose to do just that. We find that: (i) Robinson was on proper notice of both grounds for removal; and (ii) Avanquest did not raise an entirely new basis for jurisdiction for the first time in its opposition to the motion to remand papers.

### B. CAFA

Under CAFA, a defendant may remove a class action to federal court as long as the case satisfies the statute's special diversity and procedural requirements. CAFA grants jurisdiction over any class action where the amount in controversy exceeds an aggregate sum or value of $5 million, where there is minimal or incomplete diversity among parties, and 100 or more class members. 28 U.S.C. § 1332(d)(2). As the proponent of federal jurisdiction, the removing party bears the burden of describing how the controversy exceeds $5 million. *Brill*, 427 F.3d at 448. Since the amount in controversy is a pleading requirement and not a proof issue, a removing party need not "confess liability in order to show that the controversy exceeds the threshold." *Id*. at 449. The proponent must show what the stakes of litigation could be as well as what they are given the plaintiff's actual demands. *Id*. Once the proponent has plausibly suggested that the relief exceeds $5 million, then the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much. *Spivey*, 528 F.3d at 986. The removing party need only supply a "good-faith estimate" of the amount in controversy that is "plausible and adequately supported by the evidence . . ." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763-64 (7th Cir. 2011) (citation omitted). The Court holds that minimal diversity and the size of the class are non-issues; the issue is whether Robinson's requested relief satisfies the $5 million threshold requirement.

Throughout its papers, Robinson focuses on explaining why diversity jurisdiction does not exist by arguing that the damages of an individual class member will not reach $75,000. Indeed, this may be true, but Robinson avoids Avanquest's removal based on CAFA and only discusses it in a footnote of his reply. In that footnote, Robinson explains that the aggregate amount in controversy for the putative class does not exceed the $5 million requirement, exclusive of interests and costs. Avanquest's representative indicator (4.16% of the population of the United States and 470,273 units of the Software sold from 2010-2014) generates the 19,543 units of the Software sold in Illinois that Robinson uses.[2] At $39.95 per unit, Robinson states that compensatory damages will reach $780,754, at most. Punitive damages are available under both the common law of fraud and ICFA, 815 ILCS 505/4 to 505/12. *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 275 (7th Cir. 2011). Robinson contends that the "appropriate ratio" to measure punitive damages to actual damages is 3:1. Robinson concludes that the $780,754 in compensatory damages and the $2,342,262 in punitive damages, totaling $3,123,016, do not satisfy the $5 million minimum requirement.

Avanquest uses a multiplier of six (compared to the multiplier of three Robinson claims is the appropriate ratio) and calculates a punitive award of $4,684,457. Avanquest argues that courts in Illinois have affirmed awards for fraud

---

[2] Avanquest provides an affidavit and other evidence for its numbers, including the use of the population of the United States, the population of Illinois, and the national sales for the Software for 2010-2014, which encompasses the four-year statute of limitations for breach of contract for the sale of goods. 810 ILCS 5/2-725.

or violations of ICFA that reflect higher multipliers. *See Keeling*, 660 F.3d at 275 (collecting cases). Combined with the compensatory damages of $780,754, Avanquest argues that the amount in controversy exceeds the $5 million CAFA jurisdictional minimum, based on these two sets of damages alone and not including the other categories of relief that can be considered when determining CAFA jurisdiction.

The Court finds Avanquest has satisfied its burden and provided a good-faith estimate of the amount in controversy and adequately supported by a preponderance of evidence. The question is whether it is legally impossible for Avanquest to meet the $5 million amount in controversy. As this burden falls on Robinson, his failure to satisfy it inures to his detriment.

In *Keeling*, the Seventh Circuit reversed the district court's determination that it would be legally impossible for the putative class to receive $4.4 million in punitive damages. The Seventh Circuit found that the district court should have factored in the cost of prospective relief, and noted that the injunctive relief was not trivial. 660 F.3d at 274. Factoring in a new $2 million in restitution and prospective relief figure, the appellate court settled on a 5:1 ratio when determining if it was legally impossible for the putative class to receive $3 million in punitive damages. *Id*. at 275. The Court found that it was not legally impossible for the class to recover more than $3 million in punitive damages. *Id*.

In the instant matter, Robinson does not dispute that the 6:1 ratio of punitive to compensatory damages would be "legally impossible." Instead, Robinson insists that the "appropriate ratio" to measure punitive damages to actual damages is 3:1 and cites *Stull v. YTB Int'l, Inc.*, No. 10 C 600, 2010 WL 4008153, at \*3 (S.D. Ill. Oct. 13, 2010) (relying on *Anthony v. Security Pac. Fin. Servs., Inc.*, 75 F.3d 311, 317-18 (7th Cir. 1996)) to show that 3:1 is the appropriate ratio of punitive damages to actual damages. However, the Seventh Circuit indicated, as recently as 2011 in *Keeling*, that it once was thought that a multiplier of four was close to the constitutional limit, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 23-24 (1991), but that the United States Supreme Court suggested that a larger (but still single-digit) ratio could be allowable in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 425 (2003). *See Keeling*, 660 F.3d at 275. The use of the 6:1 ratio suggested by Avanquest has not been shown to be legally impossible.

Avanquest has plausibly suggested that the relief exceeds $5 million by a preponderance of the evidence. Robinson chose to not address his burden to prove that it is legally impossible for him to be awarded more than $5 million, and the Court finds that it is ". . . [i]mprobable, perhaps, but not impossible." *See Keeling*, 660 F.3d at 275. Therefore, this Court retains federal jurisdiction.

## CONCLUSION

For the foregoing reasons, Robinson's motion to remand is denied.

Charles P. Kocoras
United States District Court

Dated: 1/13/2015